We have considered of this case with attention, and have looked over the authorities upon the subject, as well those cited at the bar as also a case in 3 Term, 353, and other cases found in the different Reporters. We have, in fact, been averse to declaring this to be a case of usury within the act, because in that event the principal sum secured by this bond, which is a just debt, will be lost as well as the unlawful interest secured by the note; but the authorities in the books are too strong to be surmounted. Any shift or device whatsoever to take more than the interest allowed, and particularly the device of securing the principal and interest by distinct assurances, is incompetent (338) to the purpose of taking the case out of the operation of the act. If the contract itself is upon the whole face of it a contract to have a greater premium than the law allows, it is void, whether it remains a parol contract or becomes clothed with legal solemnities; as is also every security or assurance founded upon it, whether one only, or *Page 263 
more. This is the true meaning of the act. Without any adjudged case, we should be bound to decide in the same manner. Were the act to be evaded by so simple a contrivance as that of taking two securities, the one for principal, the other for the unlawful premium, it would answer no purpose whatever. The $13 received is above the rate allowed by law; and should we decide that the contract is not usurious, so as to avoid the bond, immediately the defendant may sue for the double value, upon the last clause of the act. Wherefore let judgment be for the defendant; and it was entered accordingly.
See Carter v. Brand, 1 N.C. 255.